UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROSALINA ANDERSON, KELVIN  : 
BADGER, KYLE COVINGTON,    :  Hon. Joseph H. Rodriguez
TIMOTHY EUBANKS, and       :
SETH DAVIS,                :
                           :
    Plaintiffs,            :  Civil Action No. 13-4777
                           :
    v.                     :
                           :  MEMORANDUM OPINION
VERIZON NEW JERSEY INC., LEE :
MILLER, ANGELO VALENTE, BILL :
KUHMICHEL, ERIC SHEEHAN, and :
CAROL SHIELDS,             :
                           :
    Defendants.            :

This matter is before the Court on its own Order to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction. Remaining Plaintiffs Rosalina Anderson, Kelvin Badger, Seth Davis, Timothy Eubanks and Kyle Covington have brought suit against their employer Verizon New Jersey Inc. ("Verizon") and Verizon managers Lee Miller, Angelo Valente, Bill Kumichel, Erik Sheehan and Carol Shields alleging that Defendants created and maintained a discriminatory and hostile work environment. Specifically, Plaintiffs complain of a hostile work environment permeated by lies, threats of suspension, and manipulative tactics including an aggressive discipline-focused management style

targeting them as African-American Field Technicians, in part in retaliation for filing internal complaints. Plaintiffs Covington and Anderson also complain of age discrimination and Plaintiffs Anderson and Badger complain of disability discrimination.

Plaintiffs filed the initial Complaint in New Jersey Superior Court, Camden County Vicinage; Defendants removed the matter on August 8, 2013. The five-count Amended Complaint was filed on March 31, 2015. The first cause of action alleges disparate treatment and hostile work environment based on race in violation of New Jersey's Law Against Discrimination ("NJLAD"). Next, Plaintiffs assert for age discrimination in violation of the NJLAD. The third and fourth causes of action allege handicap discrimination and gender discrimination, respectively, in violation of the NJLAD. The final claim is for unlawful retaliation in violation of NJLAD for Plaintiffs' legally protected complaints.

The basis for removal was that the Plaintiffs' claims were preempted by the Labor Management Relations Act ["LMRA"], § 301, 29 U.S.C.A. § 185, the Employee Retirement Income Security Act of 1974 ["ERISA"], 29 U.S.C.A. § 1001, and the National Labor Relations Act ["NLRA"], 29 U.S.C.A. § 151." In reviewing the parties' submissions on summary judgment, the Court finds itself without subject matter jurisdiction.

Section 1331 of Title 28 of the United States Code provides the district courts with original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Generally, "determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-10 (1983)). Under this rule, subject-matter jurisdiction as described under 28 U.S.C. § 1331 may only be granted when a federal question is presented on the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

However, there is an exception to the well-pleaded complaint rule "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Federal question jurisdiction "will lie over some state-law claims that implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). In determining whether federal jurisdiction exists over a state law claim, the inquiry is "does the state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain

without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

The Supreme Court has held that section 301 of the LMRA is one such statute that possesses pre-emptive force so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim." *Caterpillar, Inc.*, 482 U.S. at 393. Section 301 grants subject matter jurisdiction to the federal courts over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act." 29 U.S.C.A. § 185(a). Preemption is warranted so that a "uniform federal law" would govern the interpretation of collective bargaining agreements. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988).

The Supreme Court has cautioned, however, that the LMRA does not preempt "every dispute concerning employment." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). "When resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." *Id.* at 220-21. However, "when the meaning of contract terms is not the subject

of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994).

That is, "it would be inconsistent with congressional intent under [§ 301] to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Allis-Chalmers*, 471 U.S. at 212. The Third Circuit has instructed that section 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *N.J. Carpenters v. Tishman Constr. Corp.*, 760 F.3d 297, 306 (3d Cir. 2014). Accordingly, courts in this district have held that NJLAD claims are separate and independent from the terms of labor contracts. *See Coefield v. Jersey Central Power & Light Co.*, 532 F. Supp. 2d 685, 693 (D.N.J. 2007) (collecting cases); *Naples v. N.J. Sports & Exposition Auth.*, 102 F. Supp. 2d 550, 553 (D.N.J. 2000) ("District of New Jersey courts have consistently determined that claims under the NJLAD are separate and independent from the terms of labor contracts."); *Carrington v. RCA Glob. Commc'ns, Inc.*, 762 F. Supp. 632, 641 (D.N.J. 1991) ("Following *Lingle*, courts have uniformly held that state anti-discrimination laws are not preempted by § 301 of the LMRA because the right not to be discriminated against 'is defined and enforced under state

law without reference to the terms of any collective bargaining agreement,' even where the labor contract itself prohibits discrimination.").

In this case, Plaintiffs' claims are neither founded directly on rights established by the collective bargaining agreement, nor dependent upon an analysis of the collective-bargaining agreement ("CBA"). Plaintiffs claim they were discriminated against in violation of state law, which creates rights independent of the CBA. Resolution of the NJLAD claims demands a court "inquire into the facts and motivations of the parties relative to rights conferred by state law, not under the CBA, and pre-emption is therefore inapplicable to Plaintiff's NJLAD claims." *Manos v. United Food & Comm'l Workers Int'l Union*, 9 F. Supp. 3d 473, 481 (D.N.J. 2014).

Plaintiffs' sex, race, hostile work environment, and constructive discharge claims do not challenge the validity of the CBA, but whether Defendants discriminated against Plaintiffs by its selective enforcement of rules and policies because of their race and/ or age. The Plaintiffs do not dispute the terms of the CBA or the Code of Conduct, or the Rules. While the CBA may be consulted to identify regulations, Plaintiffs do not challenge interpretations of the contract or dispute that violations are counter to that provided therein. The discretion exercised in the selective administration of disciplinary action is the basis for the Plaintiffs claims.

Plaintiffs claim the rules were enforced more aggressively because of their race and/or age. Thus, Plaintiffs claims in this regard do not derive from the CBA or inevitably involve interpretation of the agreement causing the State Law claims to be inextricably intertwined with the LMRA.

Likewise, Plaintiffs claims of disability discrimination are not preempted by the LMRA or ERISA. Plaintiffs do not dispute the terms, legality, or validity of Verizon's Medical Restrictive Leave of Absence Policy Amendment or Early Separation Incentive Plan. The allegations challenge whether Verizon discriminated against Anderson and Badger in implementing the policy and or plan and considers the factual and motivational circumstances underscoring those decisions.

The LMRA and ERISA do not preempt Plaintiffs' because consideration of these claims "depend[s] on the actual events which transpired . . . and not the meaning of any provision of the [CBA]." *Kube v. New Penn Motor Express, Inc.*, 865 F. Supp. 221, 229 (D.N.J. 1994); *see also Coefield*, 532 F. Supp. 2d at 698. "[A] defendants['] reference to a collective bargaining agreement in mounting a defense to a state law claim does not necessarily trigger preemption." *Sealy v. Verizon Commc'ns, Inc.*, No. 13-CV-7461 CCC, 2014 WL 7331950, at *3 (D.N.J. Dec. 15, 2014) *citing Lingle* 486 U.S. at 406. To the extent Plaintiffs' NJLAD claims " 'involve[]

attention to the same factual considerations as the contractual determination, this parallelism does not render the analysis of the state law claim dependent on the analysis of the collective bargaining agreement." *Sealy*, No. 13-CV-7461 CCC, 2014 WL 7331950, at *3 *quoting Lingle*, 486 U.S. at 408 (internal citations omitted). Defendants "cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law...." *Caterpillar Inc.*, 482 U.S. at 398.

Accordingly, this Court lacks subject matter jurisdiction and must Remand the case to the Law Division of the Superior Court of New Jersey, Camden County vicinage. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

An appropriate Order shall issue.

DATED: February 14th, 2019.

_____
JOSEPH H. RODRIGUEZ,
U.S.D.J.